**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------------X

IN THE MATTER OF THE COMPLAINT OF WARREN
GEORGE, INC., AS OWNER OF THE TUGBOAT ANNIE
G II, O.N. 1105540 AND DRILL BARGE CT 511,
O.N. 662709 FOR EXONERATION FROM OR
LIMITATION OF LIABILITY

        Plaintiff-Petitioner,

----------------------------------------------------------------------------X

AECOM USA, INC. AND NEW YORK CITY
ECONOMIC DEVELOPMENT CORPORATION.
        Third-Party Plaintiffs,

-against-

GEODESIGN, INC., LIBERTY MUTUAL INSURANCE
COMPANY, GREAT AMERICAN INSURANCE COMPANY,
RLI INSURANCE COMPANY and CONTINENTAL
CASUALTY COMPANY,

        Third-Party Defendants.

----------------------------------------------------------------------------X

**BARBARA MOSES, United States Magistrate Judge**.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/28/26__

Civil Action No.:
26-cv-02819(GHW)(BCM)

**STIPULATED**
**PROTECTIVE ORDER**

The Court having found that good cause exists for issuance of an appropriately tailored

confidentiality order governing the pre-trial phase of this action, and the parties having stipulated

to the following provisions, it is hereby ORDERED that any person subject to this Order –

including without limitation the parties to this action, their attorneys, representatives, agents,

experts and consultants, acting as such, all third parties providing discovery in this action, and all

other interested persons with actual or constructive notice of this Order shall adhere to the

following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

    1.     Any person subject to this Order who receives from any other person any

          "Discovery Material" (i.e., information of any kind provided in the course of

discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.    The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the nonconfidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3.    With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.    If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without

limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

**Who May Receive Confidential Materials**

5.      No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a) personnel of the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

3

(f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its staff;

(i) any reinsurer, accountant, auditor, regulator, actuary or other entity or person to whom any party or its counsel is contractually or legal obligated to make such disclosure to the extent necessary for this litigation, or any other reinsurance matters relating to coverage claims in this litigation; provided that before disclosing Confidential Discovery Material, the receiving party shall inform such persons of the obligation to maintain the confidentiality of such information consistent with the terms of this Protective Order; and

(j) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

6. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either

prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Filing Confidential Materials in this Action**

7. Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

8. Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow the individual practices of the Magistrate or District Judge to whom they direct pretrial requests for filing under seal.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or sealed during pretrial proceedings.

10. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

11. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-

client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12.     If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13.     Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14.     If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in-camera review of the Inadvertently Disclosed Information.

**Termination of the Litigation**

15.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all

6

copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy in electronic or paper format of documents constituting emails and attachments, work product, pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Protective Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct.

16. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof

Dated: May 5, 2026


By:___/s/ [Joseph J. Perrone]_____
    Joseph J. Perrone, Esq.
Giuliano McDonnell & Perrone, LLP
5 Penn Plaza, 19th Fl
New York, NY 10001
Tel. 646-328-0120
Fax 646-328-0121
Email: jperrone@gmplawfirm.com
*Plaintiff Warren George, Inc.*

By:_____
    Scott K. Winikow, Esq.
Manning Gross + Massenburg LLP
200 Vesey Street, 25th Floor,
New York, NY 10281
Tel. 646-346-1257
Fax. 646-607-5299
Email: SWinikow@mgmlaw.com
*Claimants AECOM USA, Inc. and New York City Economic Development Corp.*


By:___/s/ [Wendy S. Van Dorn]_____
    Wendy S. Van Dorn, Esq.
Kosakoff & Cataldo LLP
175 Pinelawn Road, Suite 1002
Melville, New York 11747
Tel. 631-650-1200
Fax. 631-650-1207
Email: wvandorn@kcllp.net
*Claimant & T-P Defendant GEODesign, Inc.*

By:___/s/ [Corey R. Greenwald]_____
    Corey R. Greenwald, Esq.
Clyde & Co US LLP
Grand Central Plaza
140 East 45th Street, 26th floor
New York, New York 10019
Tel. 212-710-3900
Fax. 212-710-3950
*Email: coreyr.greenwald@clydeco.us*
*T-P Defendant Liberty Mutual*


By:___/s/ [Michael E. Stern]_____
    Michael E. Stern, Esq.
Gallo Vitucci Klar LLP
711 Third Avenue, Suite 500
New York, NY 10017
Tel. 212-683-7100
Fax. 212- 683-5555
Email: mstern@gvlaw.com
*T-P Defendant Great American*

By:___/s/ [Heather E. Simpson]_____
    Heather E. Simpson, Esq.
Kennedys LLP
22 Vanderbilt Avenue, Suite 2400
New York, NY 10017
Tel. 212-710-3900
Fax. 212-832-4920
Email: heather.simpson@kennedyslaw.com
*T-P Defendant Continental Casualty*

8

By:\_\_\_\_\_/s/ [Kirsten J. Orr]_____

     Kirsten J. Orr

Fleischner Potash, LLP

45 Broadway, 23rd Floor

New York, NY 10006

Tel. 646-520-4200

Fax. 646-349-2000

Email: eleibowitz@fp.law

Email: korr@fp.law

*T-P Defendant RLI Insurance*

**SO ORDERED.**

_____     May 28, 2026

**BARBARA MOSES**
**United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------X
IN THE MATTER OF THE COMPLAINT OF WARREN
GEORGE, INC., AS OWNER OF THE TUGBOAT ANNIE        Civil Action No.:
G II, O.N. 1105540 AND DRILL BARGE CT 511,          26-cv-02819(GHW)(BCM)
O.N. 662709 FOR EXONERATION FROM OR
LIMITATION OF LIABILITY

        Plaintiff-Petitioner,

                    **NON-DISCLOSURE**
------------------------------------------------------------------------------X   **AGREEMENT**
AECOM USA, INC. AND NEW YORK CITY
ECONOMIC DEVELOPMENT CORPORATION.
        Third-Party Plaintiffs,

-against-

GEODESIGN, INC., LIBERTY MUTUAL INSURANCE
COMPANY, GREAT AMERICAN INSURANCE COMPANY,
RLI INSURANCE COMPANY and CONTINENTAL
CASUALTY COMPANY,

        Third-Party Defendants.

------------------------------------------------------------------------------X

I, _____ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____
                                        [Signature]